Good morning, may it please the court. Vanessa Pye Thompson on behalf of Raul Velasco-Soto. We are arguing that in this case the district court abused its discretion when it denied Mr. Velasco-Soto's motion to withdraw his plea based upon an inaccurate view of the law. Specifically, it denied Mr. Velasco-Soto's motion to withdraw his plea because it incorrectly found that his 2005 Washington second degree assault conviction was a crime of violence under 18 United States Code 16A. The defense did not dispute that if it was a crime of violence that it would constitute an aggravated felony based upon the sentence that was imposed being at least one year. The district court's finding denying Mr. Velasco-Soto's motion to dismiss was rested entirely upon its finding about the Washington second degree assault conviction. Indeed, it explicitly stated that establishing that the conviction was not a crime of violence and therefore an aggravated felony would establish a fair and just reason. I think that's right. I think that was the district court's reasoning. Opposing counsel as you know argues waiver. Do you want to speak to that? Yes, Your Honor. I think that we . . . It's a much tougher argument, right? Certainly. The issue is that the issue that's before the court is the basis for the district court's denial of the motion to withdraw Mr. Velasco-Soto's motion. I'm not sure that it is. Judge Christians posed a hard question for you which is that your client did enter into an appeal waiver and whatever happened to the district court, it's not clear to us that you haven't given up the right to complain about that here. Certainly, Your Honor. I'm sorry. I understood the question to be using a different argument that the government has raised. As we have argued, I don't think that any of the cases that the government cites establish that there is a mandatory rule for dismissal where there is an appeal waiver. That doesn't tell us that that's not normally what's done. I mean, there are exceptions, and certainly there's no mandatory rule, but ordinarily, and I think the quotation you gave is use the word ordinarily. Well, why isn't this the ordinary case? Certainly, Your Honor. I don't think that any of the cases that the government presented or at least on the face of the opinions present the court with the circumstances presented with here where the appeal waiver itself specifically addresses the sort of remedies the government has available upon breach or looked a different way. Well, it identifies one remedy. It doesn't say that's an exclusive remedy, and it seems pretty clear that's not what the parties contemplated to be an exclusive remedy because when it came time to sentence, Judge observed there's an appeal waiver here, right? And both of you agreed, and so he didn't go on to give the kind of advisements that he ordinarily would give. Everybody in the room appeared to understand that there wasn't going to be an appeal. Well, Your Honor, I... Is that not the case? I respectfully... Then why didn't you object at the time? Your Honor, I think that at the time of sentencing, all of the parties understood that Mr. Velasco Soto would not be permitted to appeal the sentence that was imposed. We are not asserting that Judge Lasnik's comments during the hearing on the motion to withdraw in any way altered the appeal waiver with regard to the sentence that was imposed. Well, the advisements given at time of sentencing aren't limited to appeal of the sentence. We get all sorts of appeals about other things about the conviction, such as the one you've brought here, and usually the appeal waiver is taken to apply. And if the judge says something at the time of sentencing to open the door by leaving the defendant fairly with the impression that he did have the right to appeal, then the door is opened. But if the judge doesn't say that, doesn't leave the impression at that time, I'm not sure you're giving me a client struck a deal that said he wouldn't appeal. Your Honor, I think that the government has argued to this court that the comments that we argue the district court made that gave Mr. Velasco Soto the right to appeal need to be made at the time of sentencing. And I would respectfully submit to the court that the cases the government cites don't stand for the proposition that, I'm sorry, that the comments needed to be made at the time that the issue was raised, which in this case would be the time of the plea. And I think a similar principle is raised by the court with regard to the time of the sentencing. And I just don't think that the cases from this court establish that there has to be a sort of specific temporal connection to the district court's unequivocal statement that a defendant has the ability to appeal on a specific issue are required. The rule usually is that an appeal waiver is effective. This court has ruled in cases like Buchanan that if at the time of sentencing the defendant is left with the impression based on the comments of the judge that he does have the right to appeal, then the appeal waiver is in effect set aside. But you haven't pointed to anything that gives me a reason to think that the defendant didn't understand at the time he entered into the plea agreement or at the time of sentencing when the judgment becomes final that he understood he had entered into a waiver of appeal. If he understood he entered into a waiver of appeal, I mean, you strike a bargain. You get some things, you give up some things. And one of the things he gave up was the right to appeal. Why shouldn't that be the rule applied here? Your Honor, I think what the court bringing up Buchanan is actually instructive in this regard because I think that in many ways Buchanan is actually factually similar to the case that's presented here, although the timing of the timing of the... It's hard because Buchanan emphasizes that the oral pronouncement of sentence rules. We have lots of cases in other contexts. If the judge misspeaks in the oral pronouncement, that's the one that counts. The time when Judge Lasnik appeared to contemplate the possibility of appeal wasn't the time of sentencing, wasn't oral pronouncement of sentence, wasn't entry of judgment. So why should saying something at that time when he contemplated the possibility of interlocutory appeal, for example, why should that be taken by us to give the defendant a different impression? Your Honor, because I think that Judge Lasnik's comments were very explicit. Well, there were four comments that he made. I think three alluded to that he contemplated that Mr. Velasco Soto would have the ability to appeal the specific issue that's been raised here and no others, and we haven't raised other issues. And I think that Buchanan is, as I said, in many ways factually similar to this case because there the court looked at this issue in the court to withdraw a plea that was made four months after the plea, and the court at the time that that motion to withdraw, which was I think at the time of sentencing, although one day before the sentencing ultimately took place, made specific statements to the defendant about his ability to appeal in the same way that the district court did here. And as I mentioned, the defendant may have relied upon the district court statements in making his ultimate decision about how to proceed in that case, which was whether to withdraw the plea and proceed to sentencing or proceed to sentencing with the ability to argue for a sentence outside the guidelines. I think here we have a similar situation with Mr. Velasco Soto where he, to withdraw his plea at the time that we had a hearing, Judge Lasnik made very specific comments to him indicating that he would be able to appeal the loan issue that he has appealed in this case. And then during the discussion of whether Mr. Velasco Soto would ask the court to rule immediately or would wait for the Supreme Court's decision in Mathis, there was discussion of interlocutory appeal. There was discussion about his ability to either do that or wait and be sentenced, and then he could appeal after that. And I think that the comments that the district court made in this case, as with the comments that were made in Buchanan, provide both a specific statement to Mr. Velasco Soto that he would be allowed to appeal this single issue, as well as his reliance on that. And if . . . Counsel, could I just . . . Certainly. I think earlier in response to a question or two, you mentioned that you thought the But he waived his right to appeal the conviction. Yes. Yes. And if I . . . Okay. That would have been me misspeaking.  I said that. I think that . . . Let's be clear on that. Okay. Thank you. Certainly. Certainly. We don't dispute that he does right to appeal the sentence and that there were no comments from the district court giving him the ability to do so. Thank you. All right. Do you want to save your remaining time for rebuttal? Yes. Thank you, Your Honor. All right. Thank you, Counsel. We'll hear from the government. Good morning, Your Honors. May it please the Court. My name is Michael Morgan. I represent the United States on this appeal. The parties agree that there was an appeal waiver in this case, and I gather that the parties agree that the appeal waiver on its face covers the issue that the defendant would like to raise. Just to make clear, is that the issue that's left? Is there any dispute any longer with regard to the divisibility of the State statute? There is no issue with regard to the divisibility of the State statute. There is an issue about the merits of the motion to withdraw, if the Court were to get to that point. Because the government doesn't concede that the intervening change in law, one provided a . . . because it's not even an intervening change in law. It isn't the State statute that's the issue anymore, but we have the appeal waiver and the whether, if the appeal waiver wasn't effective, there's still some issue with regard to withdrawal. Right. We don't have . . . the government has to concede at this juncture that its alternative . . . that its ultimate argument that it made that, hey, look, it doesn't matter because under current law the statute still qualifies, the government agrees that in light of this Court's decisions in Robinson and Slade, that that argument has fallen away. So just to be clear, you're agreeing that the prior conviction for secondary assault under Washington law was not a predicate offense. So if this hadn't been waived, there'd be . . . I think the district court essentially ruled incorrectly. And it wasn't just because he was waiting for Mathis. I mean, DeCamp said what Mathis said, and that's . . . I appreciate those are different issues, but getting . . . just so we can take it this one step at a time. Your answer to Judge Clifton's question is yes, right? No. With respect . . . Or not. Counsel, there's not an issue about this underlying . . . Oh, but there is, Your Honor, because the relevant question . . . I mean, this is a question the Court does not need to get to, given the appeal waiver, but since the Court's interested, the relevant question with respect . . . I'm reframing Judge Clifton's question. The first question he asked is not what I think you're going to now. The first question is just about whether that statute qualifies as a predicate. Today. Whether that statute qualifies today, correct. There is no issue about that. Okay. And then the next point that you're trying to make is that, the one that I was just getting at, even at the time Judge Lausnick entered this sentence, there was decamp. But this analysis could have been identified by defense counsel and raised and wasn't. Well, that is true, and that is one independent reason the district judge providently exercised discretion in denying the motion to withdraw the plea. But there's another issue, which is that, in fact, the pertinent legal question with respect to the defense the defendant wished to raise was not whether or not this conviction qualifies today, but whether it qualified as an aggravated felony under the law that obtained in 2007. Yes, I understand that. And I appreciate that, so thank you. But you just said something kind of quickly there about the district court properly exercising its discretion to deny this motion to withdraw. And opposing counsel's first argument, really, is that's not what the district court relied upon. What the district court relied upon is this, you know, trying to look at a crystal ball and trying to anticipate what Mathis was going to do, which, you know, by the way, a whole lot of us were in that boat, and it was a pretty uncertain time. And that that's really, I think she's right. That's the focus of the transcript, isn't it? Oh, absolutely. But this is an appeal, and the court appeals, and this court reviews the district court's judgments, not its reasoning. And the court may affirm on any ground. Right. And that's what I'm trying to get at. Are you asking us to affirm on a basis that the district court did not rely upon? If the court were to reach the merits, yes. The government's primary position is the court need not reach the merits because there is an enforceable appeal waiver. And isn't that a reason the district court didn't rely upon? The appeal waiver? I'm sorry. No, the court did not rely on any of the alternative grounds that the government has put forward. That, as a legal matter, is irrelevant to whether or not the judgment should be affirmed. The answer to my question is yes. Yes. I think. You're asking us to affirm. I mean, it's just not that hard, counsel. You're asking us to affirm for a different reason, right? Yes. And this court is empowered to do so even if the court — essentially, you're not grading the court's paper. You're grading whether or not the court got the right result on the merits. You want us to rely on waiver, right? Well, that's an independent issue of the merits, and yes, we would like you to enforce the appeal waiver in this case. The waiver in this case is unambiguous. It plainly covers the issue the defendant wished to raise. It was part and parcel of the plea agreement. The defendant does not allege that there was any problem with the entry of the plea agreement, the voluntariness of his plea, the voluntariness of his acceptance of this term of the plea agreement. So there is simply no reason for the court not to enforce the appeal waiver. But it puts us in an odd position because the issue that the defendant, after entering the plea agreement, the issue the defendant hits upon and wants to raise is, well, the case is still the district court. And on some level, I could have imagined an argument being made to the district judge saying, well, don't let him withdraw the plea. We've struck a deal already, and nothing should really change that deal. But the deal is expressed in terms of an appeal waiver, and the district court's not appeal. So he doesn't seem to be viewing the issue at all through the lens of appellate waiver. Indeed, he makes reference to the possibility of appeal. So it becomes entirely separate from the thought process of the district court. Now, that doesn't mean we disregard the appeal waiver, but it raises a wrinkle that at least I haven't experienced before because the issue comes up after the plea agreement is entered into. And it would be great if you could acknowledge that and respond to that, counsel. Well, in many cases, the issue, this Court's decision in Michelin, which we've cited, is on all fours, which is an issue where the defendant enters into a plea agreement. Then subsequent to his plea, the defendant decides he wants to withdraw his plea. The district court denies that motion to withdraw, and this Court, you know, enforces the appeal waiver. Of course, when the defendant entered his plea and the appeal waiver, he couldn't foresee that, one, he was going to change his mind and decide he wanted to withdraw his plea, two, that the district court was going to deny that, and then, three, that he was going to want to appeal that decision. He couldn't foresee that when he entered the plea, but that doesn't matter. That's what the whole point of appeal waivers of convictions are. And this Court has held that numerous times, that it doesn't matter if you can foresee a claim that may or may not have merit down the road. If you, at the time of your plea, choose to waive your right to appeal, that's exactly what you're waiving. That's the whole point of the appeal waiver. And this Court routinely enforces appeal waivers when the issue is the defendant's the denial of a motion to withdraw a plea, which, by definition, is not an issue that existed at the time of the appeal waiver. So, I mean, the only question, it seems to me, is whether or not Judge Lasnik's, I mean, and just to answer another of Judge Clifton's questions, is that when the district judge is denying the motion to withdraw, that's not, that's part, the appeal waiver would have nothing to do with that motion. If the district judge believed that the motion should be withdrawn, well, his plea should be withdrawn, including the appeal waiver. The appeal waiver doesn't somehow justify that motion. In the general sense, I understand that, except in this case, the judge very much talked about the uncertainty of the legal question and the possibility of allowing appeal. So it's like, and he's staring at past Ninth Circuit case law and trying to figure out how do I reconcile the old decisions with what appears to be the direction the Supreme Court is headed. Maybe I should toss it upstairs now and so forth. And so the possibility of getting some form of guidance from this Court is plainly on the table, and nobody says to him, well, that's out of the question, Your Honor, because there's an appeal waiver here. That is true, Your Honor, and it would have definitely been better practice had the government said something at that time. I would point out, though, that as the Court has recognized, when the defendant ultimately was sentenced, everyone acknowledged the appeal waiver and the judge certainly was like, well, there's no appeal. I'm not going to advise you of any rights. So the defendant could have been under no illusions at the time judgment was entered that he had any right to an appeal. And this Court's precedents are pretty clear that the enforceability of the appellate waiver is measured from the voluntariness of the time it's entered. A statement that the district judge makes four months later doesn't, like, retroactively invalidate the voluntariness and intelligence of the waiver that was entered. That's this Court's Lopez-Armenta, which is also cited in our briefs, is that you judge the enforceability of the appeal waiver at the time it's entered. And at the time the appeal waiver in this case was entered, there was no question in fact, I don't see the defense disputing that that waiver was entered knowingly and voluntarily. And that fact, coupled with the fact that at sentencing the district court made crystal clear that there was no appellate rights, there is simply no reason for this Court not to enforce the appeal waiver and dismiss this appeal. And unless the Court has any additional questions on the merits, the government would ask that this appeal be dismissed or alternatively affirmed. Thank you, Your Honors. Ms. Bottom. Thank you, Your Honor. I would like to turn to the government's last point regarding enforceability of the plea agreement. And I think that the government takes enforceability to mean definitively in a mandatory sense dismissal of the appeal. Well, that is certainly. I mean, I agree that it took about nine minutes to get there, but I think the government's got a very strong argument on that point. Well, and, Your Honor, we don't dispute. And it is the conviction. Right? The waiver specifically speaks to convince it not sentence, as in, you know, other plea agreements. And since the prior we're talking about, really, that bakes in whether this prior qualifies as a predicate offense, counsel. So it seems to me to be very difficult for you. What's your best response? Certainly, Your Honor. Response would be that enforceability in context would mean enforceability of the language of the agreement itself, which if there's any ambiguity is to be interpreted in Mr. Velasco Soto's favor. Okay. So where's the ambiguity in conviction? He's waiving his right to appeal the conviction. Certainly, Your Honor. What we are arguing is not so much that piece as the remedies that are provided for in the plea agreement. And that's what you briefed. And it seems to me, going back to Judge Clifton's point, that what you're suggesting is that that is a limitation of remedy. And I think that in the context of the entirety of the plea agreement, it is. I think that if we were looking solely at paragraph 14 of the plea agreement, which deals with, and I meant the supplemental excerpts of record 8. Well, that means the appeal waiver would never be effective. Well, I know. Because all it does is it gives the government a chance to do over from square one, not get a chance to wop off the appeal. It's hard for me to read the agreement as expressing the intent that that was an exclusive remedy. Well, I think, and we respectfully submit, Your Honor, that in the context of paragraph 13, that that is what the agreement does. And to the degree that the government didn't draft the, I mean, it very easily could have drafted parallel. Judge Glasnick should have given the appellate advisories, because the appeal waiver doesn't count for anything except that it lets the government reinstitute other charges. But at the time of sentencing, nobody said, no, tell him he's got a right to appeal, because he does. And I certainly, as the government did in its argument, acknowledge that it would have been better practice for that to have been confirmed on the record. But the trial court here even said, you know, this is an uncertain area, and it was, while we were waiting for, all of us, awaiting Mathis, and he gave alternatives that would have allowed this issue to be preserved, and defendants did not take him up on that offer. That's correct, Your Honor. I think that was with the belief and understanding, given Judge Glasnick's explicit comments during the hearing on the motion to withdraw, that sort of this issue was something that the court contemplated Mr. Velasco Soto being able to appeal, and he explicitly did. He did not ultimately elect to sit in custody for the additional significant period that it would have taken. He's out now, right? That's correct. He's out. He's been deported already? That's correct as well. All right. Thank you, counsel. Thank you. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court. The next case on calendar for argument is United States v. Binford.
judges: Rawlinson, Clifton, Christen